UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Alnardo Suarez</u>,
      Petitioner

      v.                                             Case No. 11-cv-98-SM
                                                     Opinion No. 2011 DNH 070
<u>United States of America</u>,
      Government

O R D E R

Petitioner was convicted, consistent with his guilty pleas, of four drug offenses.[1]  He entered into a "binding" plea agreement with the government (Fed. R. Cr. P. 11(c)(1)(C)) in which he stipulated that a sentence to 150 months in prison was appropriate.  That stipulated sentence reflected an agreement by the government to drop a firearms charge that, if proven or admitted, would have resulted in imposition of a mandatory minimum and consecutive five year prison sentence, resulting in a mandatory minimum total sentence of fifteen years (180 months). Petitioner's convictions and sentence were affirmed by the court of appeals on June 10, 2010.  <u>United States v. Suarez</u>, No. 09-2505 (1st Cir. June 10, 2010).

---

[1] Possession with intent to distribute five or more grams of cocaine base (12 U.S.C. § 841(a)(1)); possession with intent to distribute five hundred or more grams of cocaine (21 U.S.C. § 841(a)(1)); possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1)); and conspiracy to distribute more than fifty grams of cocaine base (21 U.S.C. § 841(a)(1)).

Petitioner now seeks relief under the provisions of 28 U.S.C. § 2255.  He asserts separate claims of ineffective assistance of counsel during the plea phase, sentencing phase, and on appeal.  He also says the court erred at sentencing when it denied his motion for substitute counsel and failed to give him notice of a potential upward departure under the sentencing guidelines (to impose the agreed upon sentence).

Petitioner's basic complaint is that his defense counsel should have accurately predicted that the Fair Sentencing Act of 2010 would pass, but its more lenient sentencing provisions for crack cocaine offenses would <u>not</u> be retroactively applicable to his case.[2]  Or, stated somewhat differently, he claims that defense counsel should not have led him to believe that the Act would pass and he <u>would</u> benefit from its provisions.

When a petitioner claims ineffective assistance of counsel with respect to a guilty plea, he must show that he was

---

[2]  Earlier, petitioner filed a motion in his underlying criminal case for modification of his term of imprisonment. <u>United States v. Suarez</u>, No. 08-cr-161-02-SM, (document no. 51). He sought relief under the Fair Sentencing Act, but the court denied the motion on grounds that his conviction and sentence were final before the Act became effective, and the Act did not have retroactive effect.  <u>Id</u>. (document no. 54), <u>citing</u>, <u>inter alia</u>, <u>United States v. Douglas</u>, ___F. Supp. 2d ___, 2010 WL 4260221, at *3 (D. Me. 2010); <u>United States v. Bell</u>, No. 09-3908, 2010 WL 4103700, at * 10 (7th Cir. Oct. 20, 2010).  That motion was not treated as a § 2255 petition.

materially prejudiced by counsel's deficient performance, in that, had he been properly informed, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Premo v. Moore, ___ U.S. ___, 131 S. Ct. 733 (2011).  Petitioner does not explicitly make that assertion of prejudice, but, in any event, the petition and exhibits do not provide any basis upon which to find either ineffective assistance or resulting prejudice.

The petition and exhibits demonstrate that, at most, and as petitioner seemingly concedes, defense counsel expressed his "optimism" that the crack cocaine sentencing provisions would be modified by Congress.  Counsel, however, made his view clear (at least in post-sentencing correspondence) that "until Congress changes the crack law and reduces the minimum mandatory sentence for 50 gram crack cases and makes that reduction retroactive, there is no argument for a sentence below the minimum mandatory."  Petition, Exhibit 3 (emphasis added).  Counsel expressed similar views at the sentencing hearing, before sentence was imposed.  Transcript, October 29, 2009, ¶. 5-12.  Counsel, of course, could not have given any information to petitioner about future congressional action beyond his own opinion about what might happen, given the bills pending before the Congress.

While I recognize, as did Judge Hornby in <u>United States v. Butterworth</u>, 2010 WL 4362859 (D. Me, Oct. 27, 2010), that petitioner, of course, thinks it unfair that, because his sentence was imposed and became final before the Fair Sentencing Act became law, he is required to serve a harsher sentence than would likely be imposed now for the same conduct.  As noted in <u>Butterworth</u>, however, the Fair Sentencing Act was not made retroactively applicable to petitioner's case.  "[T]hat is a decision that Congress has made and it is not for [judges]to change."  <u>Id</u>.

With respect to the merits, petitioner cannot credibly assert that defense counsel should have accurately predicted future congressional action, or that counsel purported to do so, or that petitioner could have reasonably relied upon such a prediction if it was made (<u>i.e.</u>, that <u>retroactive</u> sentencing relief <u>would</u> be forthcoming).  Nor can he credibly assert that he would not have pled guilty, and would have insisted upon going to trial, had defense counsel predicted, say, that no statutory relief would be forthcoming with respect to crack sentences.

The evidence against petitioner was compelling.  Had the government pursued the firearms charge, rather than dropping it in exchange for petitioner's guilty pleas, and had petitioner

4

either admitted the offense or been convicted at trial (a highly likely outcome), then he would have been facing a minimum mandatory sentence of 15 years, or two and one-half years more than the agreed upon sentence.  As the prosecutor made clear at sentencing, absent the negotiated plea agreement, that is the course the government would have followed.

When it comes to mandatory minimum drug sentences, and strong proof of guilt, prosecutors effectively call the sentencing tune — judges have no effective control over the outcome other than perhaps the ability to impose a sentence more severe than that which the government is willing to accept.  In this case, that is precisely the situation petitioner faced, given that he face charges that carried mandatory minimum sentences.  Agreeing to the mid-point (12.5 years) between the applicable mandatory minimum (10 years) and what would have been the mandatory minimum sentence (15 years), had the prosecutor chosen to pursue the firearms charge, was a rational and reasonable compromise for petitioner to make.  In reality, he had no other choice — the realistic options were 150 months in prison, or 180 months in prison;  150 months, the least the prosecutor would accept, is less.  Petitioner has not shown, and cannot reasonably show, that he would have insisted on going to trial under these circumstances - i.e., that he would have

knowingly exposed himself to a near-certain 180 months in prison, if defense counsel had not been optimistic about the possibility of future legislative relief from which he might benefit.

The other issues petitioner raises (but that were not raised on direct appeal) are also without merit.  His motion for substitute counsel before sentencing was denied because inadequate supporting grounds were offered, and appointed counsel provided fully competent representation.  Notice to petitioner of an "upward departure" potential was irrelevant and unnecessary as petitioner himself stipulated to, and asked for, the 150 month sentence - a sentence he knew was above the applicable guideline range, but below what could have been the guideline range absent the plea agreement.  The court's acceptance of the plea agreement petitioner knowingly, voluntarily, and intelligently entered into, and its imposition of a sentence consistent with that agreement, did not constitute error in any respect, nor did petitioner suffer any prejudice as a result.  Finally, with respect to defense counsel's appellate representation, no meritorious issues were raised on direct appeal because there were none to raise.  After independently reviewing the record, the court of appeals also found that there were no meritorious issues.

## Conclusion

The petition is denied. The court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings.

SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

April 29, 2011

cc: Alnardo Suarez, pro se
    Seth R. Aframe, AUSA